UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ANTONIO BUTLER,

                Plaintiff,

   -against-

AFNI, INC.

                Defendant.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

'11 CIV 8740

Plaintiff ANTONIO BUTLER ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant AFNI, INC. ("Defendant" or "AFNI"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

## PARTIES

2. Plaintiff is a resident of the State of New York residing at 722 Old Route 17 Monticello, NY 12701.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant AFNI is an Indiana company engaged in business of collecting debts with its principal place of business located at 404 Barock Dr., Bloomington, IL 61702.

5.     AFNI is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7.     The Court has supplemental jurisdiction over any and all state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.    On information and belief, on a date better known to the Defendant, VERIZON, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to AFNI for collection ("the alleged debt").

11.    The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.    In or about October 2011, Plaintiff discovered that AFNI had listed a derogatory mark on his Experian Information Solutions ("Experian") credit report regarding the alleged debt.

13.    Prior to October 2011, Plaintiff contacted Experian formally disputing the alleged debt and the AFNI "tradeline" and seeking validation and verification and proof used by both parties regarding the alleged debt.

14.    In response to Plaintiff's letter, Experian contacted AFNI.

15. In the event that AFNI cannot verify the completeness and accuracy of the alleged debt then AFNI is required by law to remove the derogatory mark regarding the alleged debt from Plaintiff's credit report.

16. AFNI purported to verify the alleged debt to the credit bureau Experian.

17. Such verification was false.

18. Plaintiff has been denied credit as a result of AFNI's derogatory information.

19. On or about November 3, 2011, in response to AFNI's derogatory mark on Plaintiff's Experian credit report, Plaintiff placed a telephone call to AFNI.

20. At that time, Plaintiff spoke with Defendant's debt collector and agent "Ronald".

21. Plaintiff had no idea who or what AFNI was as Plaintiff has never done business or had a business relationship with AFNI.

22. Defendant immediately demanded that Plaintiff pay the alleged debt in the amount of $325.72.

23. Defendant is with actual knowledge that the alleged debt has been disputed by Plaintiff.

24. Plaintiff inquired as to where the alleged debt originates as Plaintiff has no idea where the amount supposedly due comes from.

25. Defendant informed Plaintiff that the alleged debt stems from a residential telephone service with VERIZON during December 2003-October 2007.

26. Plaintiff inquired again as to whether the alleged debt is reflective of past due monthly charges, an early termination fee, or some other type of fee or charges.

27. Defendant failed to respond to Plaintiff's inquiry.

28. Defendant admitted that they do not have much, if any, information on the alleged debt.

29. Defendant admitted that they do not have any information or know what the alleged debt is reflective of and stated only that the alleged debt is "previous charges".

30. Plaintiff continued to ask Defendant to explain and disclose where the alleged debt originates as Plaintiff has no idea where the amount supposedly due comes from.

31. Defendant either refuses or is unable to supply this information and makes unacceptable excuses for this such as "this is in collections".

32. Defendant admitted that because the alleged debt is in collections that Defendant does not have much if any information.

33. Plaintiff continued to dispute the alleged debt stating that he did not have VERIZON service during 2003-2007.

34. Defendant responded and implied that because AFNI has Plaintiff's address and information that Plaintiff in fact owes the alleged debt.

35. Plaintiff asked Defendant if VERIZON could supply the information that he is asking for.

36. Defendant refuses to respond and supply the information and continues to say "this account right now is in collections" and VERIZON does not have the account.

37. Defendant continued to demand and pressure Plaintiff into paying the alleged debt despite the fact that it has been disputed.

38. Defendant threatened Plaintiff's credit history.

39. Defendant admitted to Plaintiff that Plaintiff "has already disputed this (the alleged debt) before" thereby indicating Plaintiff cannot continue to dispute the alleged debt, that

Plaintiff can only dispute the alleged debt once, and that Defendant does not take Plaintiff's or other consumers disputes seriously.

40.     In making the above statement, Defendant implies to Plaintiff that disputing a debt with Defendant AFNI is nothing more than a formality and will be ignored.

41.     In making the above statement, Defendant implies to Plaintiff that the only real way for Plaintiff to resolve the alleged debt and fix his credit history is to pay a debt that Plaintiff disputes and does not owe.

42.     Plaintiff asked Defendant is they have any actual proof that Plaintiff owes the alleged debt.

43.     Defendant responded in an abusive tone, "What kind of proof do you need?" and further responded that Defendant has Plaintiff's "address and telephone number" therefore implying Plaintiff owes the alleged debt on that information alone.

44.     Plaintiff again asked if Defendant has any bills, paperwork, service agreements or anything in writing to indicate that Plaintiff owes the alleged debt.

45.     Defendant responded that Plaintiff is now "slowing down the process" as Plaintiff "knows" that Defendant has the bills and the proof.

46.     The above statement is false as Defendant was previously unwilling and unable to provide such information whether verbally or in writing.

47.     Defendant unfairly demands payment on disputed debts.

48.     At no time did Defendant identify itself as a "debt collector".

49.     Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

50. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

51. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

52. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, and emotional distress as a result of Defendant's harassment and actions.

53. Defendant violated the FDCPA.

54. Defendant violated the NYS General Business Law §349.

55. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. <u>15 U.S.C. §1692d-preface</u>.

   b. <u>15 U.S.C. §1692e-preface, (2), (7), (8), (10) and (11)</u>.

    c.    <u>15 U.S.C. §1692f-preface</u> and <u>(1)</u>.

    d.    <u>15 U.S.C. §1692g</u>.

58.    As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**<u>NEW YORK STATE GENERAL BUSINESS LAW §349</u>**

59.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

61.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff ANTONIO BUTLER demands judgment from the Defendant AFNI, INC. as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1) and New York State General Business Law § 349;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A) and New York State General Business Law § 349;

    C.    For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3) and New York State General Business Law § 349;

D. Nominal damages;

E. A declaration that the Defendant's practices violated the FDCPA and New York State General Business Law § 349;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ANTONIO BUTLER hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated: November 30, 2011

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff ANTONIO BUTLER